Lawlibrary

# IN THE SUPERIOR COURT OF GUAM

EDDIE YOKENO, aka MATAO YOKENO, )     CIVIL CASE NO. CV1163-09
as Trustee and Secretary-Treasurer of Able )
Industries of the Pacific; and ABLE )
INDUSTRIES OF THE PACIFIC, )     **DECISION AND ORDER**
)     **ON DEFENDANTS' MOTION TO**
           **Plaintiffs,** )     **RELEASE FUNDS HELD IN THE**
)     **COURT REGISTRY ACCOUNT**
       **vs.** )
)
ELMORE COTTON, JOAQUIN LEON )
GUERRERO, JENNIFER DUFFIE, )
PATRICIA MAE COTTON, and )
FRANCISCO FLORIG, )
)
          **Defendants.** )
_____)

This matter came before the HONORABLE VERNON P. PEREZ on November 10, 2011. Attorney Mark S. Smith represented Defendants. Attorney Joseph C. Razzano represented Plaintiff who was present. Attorney Richard Johnson represented First Hawaiian Bank. The Court took the motions under advisement. After having heard the Parties' arguments and considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This case arises from a complaint for Declaratory and Injunctive Relief as well as other claims for Breach of Fiduciary Duty and Appointment of Provisional Director. Plaintiff Eddie Yokeno (hereinafter "Plaintiff") alleges that Defendant Elmore Cotton (hereinafter "Defendant Cotton") and others, breached their fiduciary duty and held a special meeting of the Board of Trustees for Able Industries of the Pacific (hereinafter "Able") without authority and permission of the Plaintiff. The following list of motions have followed from the inception of this case: Plaintiff's Motion for Preliminary Injunction filed August 4, 2009, Defendants' Motion to Dismiss or in the Alternative to Stay Proceedings filed August 24, 2009, Defendants' Motion to Dismiss Amended Complaint filed October 16, 2009. Plaintiff's Ex-Parte Motion for Temporary

*Yokeno v. Cotton, et al.,*
Decision and Order
Civil Case No. CV1163-09        Page 1 of 6

Restraining Order and Ex-Parte Motion for Receivership filed December 2, 2009, Plaintiff's Ex-Parte Motion to Lift Stay filed November 10, 2010, Plaintiff's Motion to Compel filed September 26, 2011, Defendants' Ex-Parte Motion to Shorten Time and Motion for Protective Orders filed September 21, 2011, Defendants' Motion to Release Funds in the Court Registry Account filed August 31, 2011 and First Hawaiian Bank's (hereinafter "FHB") Ex-Parte Motion to Intervene. Throughout the duration of this case, there have also been several motions regarding withdrawal and substitution of counsel.

This Court ordered to stay proceedings in its May 12, 2010 Order until the resolution of the parallel District Court of Guam case CV09-00019. Then, this Court lifted the stay on April 18, 2011 pursuant to stipulation by the Parties. Thus, the Motion to Stay has been resolved. The Court currently has Defendants' Motion to Dismiss, Defendants' Motion to Release Funds Held in the Court Registry Account (hereinafter "Motion to Release") and FHB's Motion to Intervene under advisement. This Decision and Order will only address the Defendants' Motion to Release. The Court has yet to hear arguments regarding Plaintiff's Motion to Compel, Plaintiff's Motion for Receivership, Plaintiff's Motion for Preliminary Injunction, Plaintiff's Motion for Temporary Restraining Order and Defendants' Motion for Protective Order. Any remaining motions shall be addressed by the Court subsequent to this Decision and Order.

## DISCUSSION

Defendants have requested the release of Court held funds and also motioned to have the time to hearing on the release of funds shortened. As the Court allowed arguments to be made at the November 10, 2011 hearing, Defendants' Ex-Parte Motion to Shorten Time was granted. As to Defendant's Motion to Release, according to the Defendants, the release of funds is an essential matter as the Department of Labor may hold Able in violation of federal employment rules for not paying wages with funds held by this Court. The result of a violation would be the loss of many contracts Able currently maintains which inevitably would lead to Able's closing of business. Defendants, without going into detail, cited to at least one contract that was terminated due to the held funds.

In furtherance of the argument, Defendants contend that Able has 90 days to discharge wages to be in compliance. According to the Defendants, Able would need to pay ASC $332,585.66 in order to make payroll. FHB also explains that Able owes them roughly $500,000.00 from a credit line granted to them in order to make previous payroll requirements. Defendant claims that the total release of funds would allow Able to be current. The Court recognizes FHB's desire to be paid, yet the Court also recognizes Plaintiff's argument that all outstanding creditors have a better chance of repayment if Able can maintain its current contracts. As of now, not all creditors are known to the Court.

Plaintiff maintains that releasing funds will only endanger the long-term viability of Able as the release of funds is only a quick fix and will not satisfy all outstanding creditors. Plaintiff argues that Able will still be in violation of federal employment rules even if the funds are released. In the parallel case before the District Court, the District Court did not release the funds due to corporate mismanagement concerns that have also been raised by the Plaintiffs in this case. *Able Industries of the Pacific v. Porter*, Civil No. 09-00019, *Order*, at *8 (D. Ct. Guam Mar. 31, 2011). It appears that the total release of funds without discretion as to where the funds may go, may only jeopardize Able as opposed to assisting the current problems facing Able.

In opposition to the release of funds, Plaintiff requests that the Court place a Receiver into Able to ensure productivity and longevity of the business. Plaintiff believes that the release of funds could not be possible until a Receiver is in place and has the ability to inform the Parties of the financial situation Able is in. Only then, could the Court make an intelligent decision based on the financials of Able. Although the Court appreciates the desire for the judiciary to make decisions based on the most current and relevant set of facts, the Court also understands that a business cannot continue to operate without paying its employees. Thus, consideration of Plaintiff's request to have a Receiver in place must wait until the vital issue of payroll is decided.

The standard correctly put forth by Plaintiff for a modification of prior order is iterated in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992). In *Rufo*, the Court explained that the moving party must show a change of circumstances before a Court will consider

modification. As Plaintiff has suggested, changed circumstances would need to be shown to release even a portion of the funds and allow the Court to modify the prior order. *See U.S. v. Swift & Co.*, 286 U.S. 106 (1932). The Court finds that the circumstances from the date that the Court obtained the funds have changed. Recently, the Department of Labor is subjecting Able to violations and potential termination of contracts if Able does not maintain current on its payroll. Additionally, the funds held are known to be in excess of the funds needed to become current on payroll and keep Able from violation of the Federal employment regulations. Previously, it was not known that the release of partial or total funds would benefit Able. Now, it is known to the Court that partial release of funds would indeed benefit the longevity of Able. *See* Declaration of Armando De Jesus attached to Defendants' Second Supplemental Submission.

Accompanying Defendants' Motion to Release was a Declaration by Defendant Leon Guerrero in Support of the Motion to Release filed August 31, 2011. That Declaration contained several exhibits showing that the Department of Labor has initiated investigation on the payment of employee wages relating to Able's contracts with the U.S. Government. Without going into detail on those investigations and notices of nonpayment of wages, the Court is highly concerned. In addition, the military has recently been late in paying Able for past due bills which complicates the ability for Able to make payments to its employees. *See* Defendants' Request to Modify Relief.

The Court is also concerned with the priority given to Federal Income Taxes owed. That fact considered along with all other arguments presented, the Court does not believe that Able will be current on all debts with the complete release of the all Court held funds. Unnamed creditors may also exist that rank highly on the pay out priority and FHB is owed $500,000.00, which alone is greater than the remaining funds held by the Court after the $332, 585.66 is released. Thus, even though the Court finds that payroll will be current by partial release of the Court held funds, total release of the funds would not satisfy all outstanding debts. Accordingly, the Court desires to ensure that Able has the potential to stay in business and maintain its current contracts. If Able fails to maintain its contracts, then the likely result is that Able with not continue its business and all creditors will be at risk of nonpayment. Thus, the Court must allow

*Yokeno v. Cotton, et al.,*
Decision and Order
Civil Case No. CV1163-09         Page 4 of 6

the partial release of funds for the specific purpose of paying Able's employees. To make payroll, it has been suggested Able needs $332,585.66.[1] The Court will allow just enough money to be released so that payroll is made and Able may continue business. In Defendants' Motion to Release they concluded by requesting the release of funds be paid directly to the Department of Labor. The Court will not allow the funds to go anywhere but to the payment of employees satisfy Department of Labor requirements. In any event, the Court finds that Defendants have sufficiently shown changed circumstances that warrants modification of this Court's prior order. The Court's hope in using its inherent power this way is that Able will pay its employees and keep all remaining contracts with the Federal Government so that Able can still receive future income and pay all creditors in full. Recent submissions by the Parties and additions to the record at hearing have revealed that $265,000.00 would allow Able to be current on all November payrolls.

//

//

//

//

//

---

[1] In a November 9, 2011 letter from Donald Clark at ASC Trust Corporation, to Armando De Jesus at Able, Mr. Clark explained to Mr. De Jesus, that Able would be current with its payroll with a payment of $332,585.66.

## CONCLUSION

Defendants' Motion to Release is GRANTED in part and DENIED in part. The Court understands that approximately $800,000.00 is in the Court Registry Account. Enough money will be released to make payroll in order to allow Able to maintain its current contracts. The remaining money will be kept due to concerns over the management of Able. The Court additionally orders that the released funds be tracked with an accounting that will be reported back to this Court after funds are dispersed such that payroll is met. The released amount will be $265,000.00 as that should bring Able into compliance for two payrolls. A document tracking the payment of payroll with the funds will be prepared by the Defendants as they requested the release of the funds. All released funds determined to be in excess of payroll needs shall be returned to the Court Registry Account. The Court orders that a check in the amount of $265,000.00 be released before Friday November 18, 2011 11:00a.m. to Able Industries with the specific purpose of making payroll.

As explained at the hearing held November 10, 2011, the Court is interested in additional briefing on the issue of Plaintiff's Motion for Receivership. The Parties have until January 15, 2012 to submit any additional briefings relating to the receivership issue if they so choose. The Court is also interested in any update as to Defendants' requested Protective Orders and Plaintiff's Motion for Preliminary Injunction.

So ORDERED this ___ day of November, 2011.

**NOV 17 2011**

Original Signed By:

HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

NOV 17 2011
_____ 20___

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam